UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO CITIZENS AGAINST EVICTION, *et al.*,<br><br>　　　　Appellants,<br><br>　v.<br><br>INNOCENTI, LLC,<br><br>　　　　Appellee. | Case No. 16-cv-02179-EMC<br><br>**ORDER DENYING APPELLANT'S SECOND MOTION FOR EXTENSION OF TIME; AND ORDER TO SHOW CAUSE**<br><br>Docket No. 14 |

　　　　Currently pending before the Court is a second request for an extension of time filed by Appellant San Francisco Citizens Against Eviction ("SFCAE").

　　　　SFCAE, along with Sheila Bakhtiari and Anthony Flores, initiated this bankruptcy appeal in or about April 2016. Appellants appealed an order from the bankruptcy court holding SFCAE and Mr. Flores in contempt and further holding them liable for monetary sanctions (more than $23,000). Appellants' opening brief was due on June 16, 2016. On June 14, 2016 -- *i.e.*, only two days before the opening brief was to be filed -- SFCAE and Mr. Flores asked for an extension of time to file the brief. SFCAE and Mr. Flores argued that the underlying matter would likely be settled or dismissed and so "the requested extension will promote judicial economy and the interests of justice by conserving the resources of the Court and the parties." Docket No. 10 (Amended Mot. at 1). The bankruptcy trustee opposed the request for an extension, noting that, "[e]ven if the Bankruptcy Court were to dismiss the Innocenti bankruptcy case, there is nothing to suggest that the Bankruptcy Court would not retain jurisdiction to enforce the Sanctions Order." Docket No. 11 (Opp'n at 2). The Court ultimately granted in part SFCAE and Mr. Flores's

request, giving them an additional two weeks (rather than the requested twenty-nine days) to file their brief.

On July 1, 2016 -- *i.e.*, the day the opening brief was due -- Mr. Flores moved to voluntarily dismiss his appeal on the ground that it was premature.[1] *See* Docket No. 13 (motion). As for SFCAE, it asked for another extension to file its opening brief so that it would have "a little time to determine whether to dismiss its appeal [on the basis that it was premature] or to retain new counsel to pursue its appeal." Docket No. 14 (Mot. at 1). According to SFCAE, its current counsel -- Mr. Flores -- "is seeking to voluntarily dismiss his appeal and he will no longer be representing SFCAE if it intends to pursue its appeal now." Docket No. 14 (Mot. at 1). SFCAE's request for an extension is the motion currently pending before the Court.

The Court hereby **DENIES** SFCAE's motion. As the bankruptcy trustee points out, the motion was filed on SFCAE's behalf by Mr. Flores, and, even though SFCAE and/or Mr. Flores claim that Mr. Flores is the organization's current counsel, there is evidence to the contrary. For example, in an e-mail dated March 26, 2016, Mr. Flores stated to the bankruptcy trustee that "I no longer represent SFCAE due to contempt and client conflicts." Docket No. 18 (Hayes Decl., Ex. 1) (e-mail).

Because the Court is denying SFCAE's motion, its opening brief is now overdue and, in light of that situation, the Court now orders SFCAE to show cause as to why its appeal should not be dismissed for failure to prosecute. **SFCAE shall have three weeks from the date of this order to file a response.** SFCAE is advised that it must have counsel make an appearance and file the response on its behalf. *See* Civ. L.R. 3-9(b) (providing that "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court"). **Because the Court does not have direct contact information for SFCAE, it orders Mr. Flores to serve a copy of this order on SFCAE within two court days (by mail and e-mail). Mr. Flores shall also give telephone notice (*i.e.*, of the contents of this**

---

[1] Because the bankruptcy trustee did not oppose the motion, the Court ultimately granted it. *See* Docket No. 20 (order).

1 **order) to SFCAE within two court days.** Mr. Flores shall file a proof of service within four
2 court days certifying that service was made and notice given as required by this order.
3    Finally, the Court orders Mr. Flores to clarify whether Ms. Bakhtiari is an appellant in this
4 case. The notice of appeal indicates that she is, but subsequent papers filed by Mr. Flores do not
5 identify her as an appellant. Also, the bankruptcy court's order is directed to SFCAE and Mr.
6 Flores, not Ms. Bakhtiari. **Mr. Flores shall file a declaration clarifying Ms. Bakhtiari's status**
7 **within four court days of this order.**
8    This order disposes of Docket No. 14.

10    **IT IS SO ORDERED**.

12 Dated: July 8, 2016

           _____
           EDWARD M. CHEN
           United States District Judge